IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,058-02






EX PARTE FRANKLIN WILLIAM LAMBERT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 968321 IN THE 208TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty years' imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Lambert v. State, No. 14-06-00313-CR (Tex. App.-Houston [14th Dist.], Feb. 22,
2007, no pet.).

 Applicant contends, among other things, that he was denied his Sixth Amendment right to
counsel of choice at the adjudication of guilt hearing. The trial court made findings of fact and
conclusions of law and recommended that we deny relief. We believe that the record is not sufficient
to resolve Applicant's claim. Applicant has alleged facts that, if true, might entitle him to relief.
United States v. Gonzalez-Lopez, 548 U.S. 140 (2006). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to (1) whether Applicant had retained counsel
at the motion to adjudicate hearing; (2) whether the trial court denied Applicant the right to be
represented by retained counsel at the hearing; and, if so, (3) why Applicant was denied this right.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 16, 2009

Do not publish